**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Mark Isbell,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Defendants. | No. CV 11-391-PHX-JAT (JRI)<br><br>**ORDER** |

Plaintiff William Mark Isbell, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee. The Court will order Defendants to answer the Complaint.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

**TERMPSREF**

1 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
2 unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).
3 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
4 statements, do not suffice." <u>Id.</u>

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. <u>Id.</u> at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Id.</u> (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     Complaint**

Plaintiff names the following Defendants in the Complaint: Arizona Department of Corrections Director Charles L. Ryan, Deputy Warden Alfred Ramos, Associate Deputy Warden Jack Heet Warden Ernie Trujillo, Senior Chaplain D. Henderson, and Chaplain A. Miser.

Plaintiff raises one ground for relief in the Complaint. Plaintiff claims that Defendants violated his First Amendment rights and rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") when they denied him a vegetarian diet. Plaintiff alleges that his religious beliefs only allow him to consume meat that has been killed and processed in a specific manner and that because he cannot control how the meat he receives

1 is processed, he requested a vegetarian diet.  Plaintiff alleges that he explained his religious
2 beliefs to each Defendant but that each Defendant denied his request for a vegetarian diet.
3 Plaintiff further alleges that by declining to eat the meat included in his meals, he does not
4 receive sufficient food to maintain his health.

5   Plaintiff seeks declaratory and injunctive relief as well as money damages.

6   Liberally construed, Plaintiff's allegations adequately state a claim under the First
7 Amendment and RLUIPA, and the Court will require Defendants to answer the Complaint.

8 **III. Warnings**

9   **A. Address Changes**

10   Plaintiff must file and serve a notice of a change of address in accordance with Rule
11 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
12 relief with a notice of change of address.  Failure to comply may result in dismissal of this
13 action.

14   **B. Copies**

15   Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
16 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
17 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
18 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
19 may result in the filing being stricken without further notice to Plaintiff.

20   **C. Possible Dismissal**

21   If Plaintiff fails to timely comply with every provision of this Order, including these
22 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
23 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
24 comply with any order of the Court).

25 **IT IS ORDERED:**

26   (1)   The Clerk of Court must send Plaintiff a service packet including the
27 Complaint (Doc. 1), this Order, and both summons and request for waiver forms for
28 Defendants Ryan, Ramos, Heet, Trujillo, Henderson, and Miser.

1     (2)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (3)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

    (4)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

    (5)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

        (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

        (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

1  (6) **A Defendant who agrees to waive service of the Summons and Complaint
2  must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

3  (7) Defendants must answer the Complaint or otherwise respond by appropriate
4  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
5  Rules of Civil Procedure.

6  (8) Any answer or response must state the specific Defendant by name on whose
7  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
8  does not identify the specific Defendant by name on whose behalf it is filed.

9  (9) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1
10 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
11 under 28 U.S.C. § 636(b)(1)

12 DATED this 16th day of March, 2011.

13 .

_____
James A. Teilborg
United States District Judge